RICCI & FAVA, LLC
16 Furler Street, 2nd Floor
Totowa, New Jersey 07512
Attorney for Plaintiff, Staci Ajello
Attorney ID # 033531996

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACI AJELLO, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| THE CITY OF NEW YORK, HUDSON RIVER PARK TRUST, HUDSON RIVER PARK FRIENDS, NEW YORK CRUISE LINES, INC., d/b/a CIRCLE LINE SIGHTSEEING CRUISES, JOHN DOES 1-10 AND XYZ CORPORATION 1-10 (names being fictitious) | COMPLAINT AND JURY DEMAND |
| Defendant. | |

Plaintiff, STACI AJELLO, ("PLAINTIFF"), residing in the City of Hewitt, County of Passaic and the State of New Jersey, by way of complaint against Defendants says:

**PRELIMINARY STATEMENT**

1. This is an action in which Plaintiff seeks damages for injuries arising from a trip and fall accident which occurred on November 2, 2019 in County, City and State of New York.

**JURISDICTION**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 (a) and (c) which provides for original jurisdiction of all civil actions when the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

1

## VENUE

3. Venue in the Southern District of New York is proper as the Defendants are residents of New York County in the State of New York and the wrongdoing occurred in the County, City and State of New York.

## NOTICE OF CLAIM

4. Plaintiff, STACI AJELLO, filed a Notice of Claim with the Comptroller of the City of New York, Hudson River Park Trust, and Hudson River Park Friends on January 2, 2020, within 90 days of the incidents complained of herein. More than 30 days have elapsed since the filing of this Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

5. Plaintiff, STACI AJELLO, is and was, at all times relevant hereto, a resident of the State of New Jersey.

6. Defendant, THE CITY OF NEW YORK (hereinafter referred to as "THE CITY") is and was, at all times relevant hereto, a municipal entity created and authorized under the laws of the State of New York.

7. Upon information and belief, Defendant, HUDSON RIVER PARK TRUST (hereinafter referred to as "HRPT"), is and was, at all times relevant hereto, a public benefit corporation, authorized to conduct business in the State of New York by virtue of the laws, statutes and charters of the State of New York.

8. Upon information and belief, Defendant, HUDSON RIVER PARK FRIENDS (hereinafter referred to as "HRPF"), is and was, at all times relevant hereto, a public benefit corporation, authorized to conduct business in the State of New York by virtue of the laws, statutes and charters of the State of New York.

9. Upon information and belief, Defendant, NEW YORK CRUISE LINES, INC., d/b/a CIRCLE LINE SIGHTSEEING CRUISES, (hereinafter referred to as "CIRCLE LINE"), is a New York corporation duly organized un the laws of the State of New York and, at all relevant times, was and continues to conduct business in the State of New York.

10. Upon information and belief, Defendants JOHN DOES 1-10 are persons whose identities are currently unknown who may have owned, operated, controlled, managed, and/or been responsible for the walkway/sidewalk hereinafter mentioned, and/or who may have been used by Defendants in their ownership, operation, control, management, and/or responsibility of the walkway/sidewalk hereinafter mentioned. Plaintiff will amend the complaint after discovery to identify specific persons as appropriate and permitted under the Federal Rules of Court.

11. Upon information and belief, Defendants, XYZ CORPORATIONS 1-10 are legal entities whose identities are currently unknown but who may have owned, operated, controlled, managed, and/or been responsible for the walkway/sidewalk hereinafter mentioned, and/or who may have been used by Defendants in their ownership, operation, control, management, and/or responsibility of the walkway/sidewalk hereinafter mentioned. Plaintiff will amend the complaint after discovery to identify specific persons as appropriate and permitted under the Federal Rules of Court.

## FIRST COUNT

12. Upon information and belief, at all times hereinafter mentioned, the defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10, were and now are respectively subject to jurisdiction of the courts of the State of New York.

13. Upon information and belief, at all times hereinafter mentioned, the defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10, were and still are conducting business within the State of New York, and subject to jurisdiction therein, either by virtue of said "doing business" and/or by construct of statute, case law, or otherwise.

14. Upon information and belief, this action falls within one or more of the exceptions set forth in CPLR §1602.

15. Upon information and belief, on November 2, 2019, and at all times herein mentioned, Hudson River Park existed north of Battery Place, south of 59th Street, west of West 12th Street, and east of the United States Pierhead line in the Hudson River.

16. Upon information and belief, on November 2, 2019, within Hudson River Park, there existed a pedestrian sidewalk and/or walkway to the Circle Line Cruise at Pier 83, at or near West 42nd Street, New York, New York.

17. Upon information and belief, the aforesaid sidewalk/walkway was within Hudson River Park.

18. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was open to the public.

19. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was owned by the Defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10.

20. Upon information and belief, on November 2, 2019, and at all times herein mentioned, Defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10, had a possessory interest in the sidewalk/walkway.

21. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was leased by the Defendants, THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10.

22. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was planned by the Defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10.

23. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was developed by the Defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10.

24. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was operated by the Defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10.

25. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was maintained by the Defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10.

26. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was controlled by the Defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10.

27. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was managed by the Defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10.

28. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was constructed by the Defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10.

29. Upon information and belief, on November 2, 2019, and at all times herein mentioned, the aforesaid sidewalk/walkway was painted by the Defendants THE CITY, HRPT, HRPF, CIRCLE LINE, JOHN DOES 1-10 and/or XYZ CORPORATIONS 1-10.

30. On November 2, 2019, Plaintiff was a lawful pedestrian at the above/mentioned location.

31. Upon information and belief, on November 2, 2019, while Plaintiff was lawfully walking at the aforesaid location, she was caused to trip and fall.

32. Upon information and belief, the above mentioned occurrence, and the results thereof, were caused wholly and solely by the negligence of the Defendants and/or said Defendants' agents, servants, employees, and/or licensees in the ownership, operation, management, maintenance, design, planning, painting, and control of the aforesaid premises, park, sidewalk, and walkway in causing, allowing, and permitting said sidewalk/walkway at the place above mentioned to be, become, and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing, and/or permitting said sidewalk/walkway to be, become, and remain in and uneven, broken, unlevel, depressed, raised, jagged, and/or defective condition; in causing, permitting, and/or allowing said sidewalk/walkway to be, become, and remain dangerous and defective; in there being a substantial defect; in the sidewalk/walkway containing a tripping hazard; in the sidewalk/walkway not being flush; in there being an abrupt vertical difference; in the height differential in the sidewalk/walkway being unsafe; in the width of the condition being unsafe; in

the sidewalk/walkway being disrupted; in there being an abrupt drop; in the sidewalk/walkway being cracked; in that the vertical difference was greater than or equal to ½ inch; in that the walkway contains one or more surface defects of one inch or greater in all horizontal directions and is ½ inch or more in depth; in that there was a defect involving structural integrity of the sidewalk/walkway; in there being a pothole in the sidewalk/walkway; in allowing and permitting a trap to exist at said location; in allowing an abrupt vertical transition; in the sidewalk/walkway being irregular; in failing to maintain the aforesaid sidewalk/walkway in a reasonably safe and proper condition; in negligently maintaining the aforesaid location; in negligently constructing the sidewalk/walkway; in negligently reconstructing the sidewalk/walkway; in negligently paving the sidewalk/walkway; in negligently repaving the sidewalk/walkway; in negligently repairing the sidewalk/walkway; in negligently replacing the sidewalk/walkway; in negligently painting the sidewalk/walkway; in creating optical confusion; in causing a defective condition; in using the sidewalk/walkway for their own special benefit; in directing and defining Plaintiff's path on the sidewalk/walkway; in causing, allowing, and/or permitting and obstruction to Plaintiff's safe passage at said location; in causing the subject sidewalk/walkway to lift up; in failing to provide Plaintiff with safe and proper ingress and egress on the sidewalk/walkway; in failing to provide safe and proper ingress and egress to and from the premises; in causing, allowing, and/or permitting the existence of a condition which constituted a trap, nuisance, menace, and danger to persons lawfully on said sidewalk/walkway and preventing Plaintiff's safe passage; in failing to comply with the applicable laws, codes, rules, regulations, and guidelines; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give Plaintiff adequate and timely signal, notice, or warning of said condition; in negligently and carelessly

causing and permitting the above said sidewalk/walkway and premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the Plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said premises; in failing to exercise reasonable care in the performance of duties, and launching a force or instrument of harm; in that Plaintiff detrimentally relied on the continued performance of the Defendant; in that the Defendant entirely displaced another party's duty to maintain the sidewalk/walkway safely; in being otherwise negligent and careless; and that the conduct of the Defendant was reckless, wanton and grossly negligent.

33. Upon information and belief, Defendant(s) had notice of this defective condition prior to November 2, 2019, and for a sufficient period of time prior thereto to remedy same.

34. No negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

35. As a result of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, and mental anguish; that these injuries and their effect will be permanent; and as a result of said injuries, Plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, Plaintiff was and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

36. As a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction of this matter.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) in a sum that exceeds the jurisdictional limits of all other Court that would otherwise have jurisdiction of this matter.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: 10/29/20

Law Offices of Ricci & Fava, LLC.
Attorney for Plaintiff,
Staci Ajello

By: _____
Ronald J. Ricci, Esq.